PETER CHAVEZ *vs.* JACOB SCHMIDT, administrator of Peter Peiffer, deceased.

An assignment by an executor, of his individual interest in a mortgage and decree belonging to the estate of his testator, such interest being only that of a general creditor of the estate, passes to the assignee no title to the mortgage, nor to the proceeds thereof.

---

The bill charges that Nicholas Peiffer, the executor of Peter Peiffer, deceased, holding and owning, as such executor, a

Y *

bond and mortgage for $5000, and being a creditor of the estate of his testator, on the 4th of January, 1862, assigned all his individual share, right, title, and interest, in the said bond and mortgage, and in the decree theretofore made for the foreclosure thereof, to the complainant, as collateral security for a debt of $3000, due from Nicholas Peiffer, in his individual capacity, to the complainant. That on the sale of the mortgaged premises under the decree of foreclosure, there remained in the sheriff's hands, after satisfying a prior encumbrance, a balance of $2627.29, to be applied toward the satisfaction of the mortgage. This balance was paid by the sheriff to Jacob Schmidt, who had been appointed administrator, with the will annexed, of Peter Peiffer, deceased.

The prayer of the bill is that Schmidt, the administrator, may pay over the money thus received from the sheriff, to the complainant, who claims title thereto by virtue of the assignment of the mortgage and decree. To this bill there is a general demurrer.

*Mr. Keasbey,* for defendant, in support of the demurrer.

*Mr. T. Runyon,* for complainant, contra.

THE CHANCELLOR. There is no equity in the bill. The assignment by the executor, of his individual interest in a mortgage and decree belonging to the estate of his testator, passed to the assignee no title to the mortgage, nor to the proceeds thereof. The executor had no individual interest in the trust fund in his hands belonging to the estate of his testator. He could not assign the trust funds to pay his individual indebtedness. All the individual interest which the executor, as a creditor of the estate of his testator, could have in the funds of the estate, would be a right to the payment of his debt, or a ratable proportion thereof, out of the assets, upon a settlement of the estate. For all that appears by the bill, the estate is insolvent. Admitting that the

estate is solvent, and that a debt was due from the estate to the executor, nothing passed by the assignment but an equitable interest, which the assignee might enforce against the assets in the hands of the administrator, upon the settlement of the estate.